UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| CAITLIN BAUGHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:15-cv-29-JMH |
| | ) | |
| TROY BROOKS, et al., | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*

This matter is before the Court on Defendants' motion to dismiss Plaintiff's Complaint in this action. [DE 12]. Plaintiff has responded. [DE 13]. Defendants have not replied, although the time has now passed to do so. Plaintiff has also filed a motion for the Court to hear oral argument on Defendants' motion to dismiss, [DE 14], to which Defendants have responded. [DE 16]. Thus, these motions are now ripe for review. For the reasons which follow, Defendants' motion will be granted in part and denied in part. The Court being sufficiently advised, Plaintiff's motion for oral argument will be denied.

**I. Factual and Procedural Background**

In the evening of February 6, 2014, Defendant Troy Brooks, a Kentucky State Police Trooper, arrived at Plaintiff Caitlin Baughman's home to serve a bench warrant

on her brother. [DE 1 at ¶ 13-15]. Plaintiff avers that she has been diagnosed with a number of social phobias and "is forced to spend considerable time insulating herself from excessive stimulations from sound, taste, and touch." [DE 1 at ¶ 16]. According to her Complaint, Plaintiff was sitting in the kitchen while Officer Brooks knocked on the door for several minutes. Officer Brooks looked inside to see her but Plaintiff was wearing ear plugs and could not hear the knocking. [DE 1 at ¶ 17-18]. Her brother eventually heard the knocking and directed Plaintiff to go to her room, as was her practice when individuals besides her mother and brother were in her home. He then opened the door and was immediately taken into custody. [DE 1 at ¶ 22-24]. After securing Plaintiff's brother, Officer Brooks returned, entered Plaintiff's home according to Plaintiff, and arrested Plaintiff for resisting arrest for her failure to respond to Officer Brooks' knocking at the door. [DE 1 at ¶ 34-35].

Plaintiff was released from the Bourbon County Regional Detention Center on a surety bond to her brother and returned to court on March 12, 2014, for arraignment, at which time the district court judge dismissed the criminal citation due to a lack of probable cause. [DE 1 at ¶ 41-42].

2

Plaintiff's Complaint names Officer Brooks and four other Kentucky State Police Officers, individually and in their official capacities, as well as the Kentucky State Police. Plaintiff brings federal claims under 42 U.S.C. § 1983, alleging a violation of her rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment. Plaintiff includes assault and battery, false imprisonment, malicious prosecution, abuse of criminal process, and negligent hiring, supervision, training or retention as alleged constitutional violations under § 1983. She also brings state law claims for assault and battery, false imprisonment, malicious prosecution and intentional infliction of emotional distress. Plaintiff seeks economic damages, damages for pain and suffering, as well as punitive damages.

**II. Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when it contains facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id*. "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

### III. Discussion

#### A. Claims Against the Kentucky State Police

Defendants move to dismiss all claims against the Kentucky State Police on the basis of sovereign immunity. Plaintiff asserts federal claims pursuant to § 1983 and state law claims as well.

It is well settled that states are entitled to sovereign immunity under the Eleventh Amendment and, absent waiver, cannot be sued under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). This immunity extends to a public agency if "said agency or institution can be characterized as an arm or alter ego of the state." *Hall v. Med. Coll. of Oh.*, 742 F.2d 299, 301 (6th Cir. 1984). Plaintiff does not dispute that there is no waiver, nor that the Kentucky State Police is an alter ego of the state. *See Barnes v. Hamilton*, 946 F.2d 894, 1991 WL

4

203113, *2 (6th Cir. 1991) (unpublished); see also Kenney v. Paris Police Dep't, No. 5:07-CV-358-JMH, 2011 WL 1582125, at *5 (E.D. Ky. Apr. 26, 2011); Fleming v. Kentucky State Police, No. 3: 09-35-DCR, 2010 WL 881907, at *3 (E.D. Ky. Mar. 5, 2010). Accordingly, the federal claims against the Kentucky State Police will be dismissed.

The Kentucky State Police are also entitled to immunity on Plaintiff's state law claims. Under Kentucky law "[a] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental as opposed to a proprietary function." Yanero v. Davis, 65 S.W.3d 510, 519 (Ky. 2001) (noting that governmental immunity and sovereign immunity are used interchangeably by Kentucky courts). The Kentucky State Police is tasked with enforcement of the law, a governmental function, and is, thus, entitled to immunity. See Gaither v. Justice & Pub. Safety Cabinet, 447 S.W.3d 628, 633 (Ky. 2014); see also Allen v. Booth, No. CIV.A. 08-135, 2008 WL 4829875, at *2 (E.D. Ky. Nov. 5, 2008). Also, Plaintiff does not dispute this. Therefore, Plaintiff's state law claims against the Kentucky State Police will be dismissed.

5

### B. Official Capacity Claims Against Kentucky State Police Officers

Defendants also move to dismiss the federal and state law claims against the named Defendants in their official capacity as officers of the Kentucky State Police Department. Defendants' argument for dismissal is difficult to understand, for they discuss qualified immunity at the outset of the section but then appear to make a sovereign immunity argument thereafter. It is well established that qualified immunity is not an available defense for official capacity claims; rather, it may be used for suits against officials in their individual capacities. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).

However, sovereign immunity is an available defense, *see id.*, as "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). The Court having found that the Kentucky State Police is entitled to sovereign immunity on both federal and state law claims, it concludes that Defendants are also entitled to sovereign immunity on the claims against them in their official capacity as officers of the Kentucky State Police. *See Hall*, 742 F.2d at 300; *Yanero*, 65 S.W.3d at 521-22.

Accordingly, the official capacity claims will be dismissed.

### C. Individual Capacity Claims Against Defendants Murrell, St. Blancard, and Taulbee

Defendants also move to dismiss the individual capacity claims against the defendants who Plaintiff alleges were Officer Brooks' supervisors: Sergeant Murrell, Lieutenant St. Blancard, and Captain Taulbee. Plaintiff asserts four federal claims pursuant to § 1983 against these defendants (Count One, Five, Seven, and Nine) and one state law claim for false imprisonment (Count Four). In support of their motion, Defendants argue that Plaintiff has failed to allege they had any actual contact with the Plaintiff or were present on the night in question and, thus, has failed to allege facts sufficient to support any of the claims against Defendants Murrell, St. Blancard, and Taulbee.

In order to make out a claim under § 1983, a plaintiff must allege direct involvement in constitutional deprivations, as a defendant cannot be held liable on a *respondeat superior* theory under § 1983. *Monell,* 436 U.S. at 691. In claims asserting liability based on a defendant's supervisory role, "[t]here must be a showing that the supervisor encouraged the specific incident of

7

misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Plaintiff's Complaint fails to allege sufficient facts, or any facts for that matter, to support her § 1983 claims against Defendants Murrell, St. Blancard, and Taulbee. Plaintiff argues that more discovery is needed to understand their involvement. However, before discovery the complaint must, at least, contain facts upon which a plausible claim can be based. *Iqbal*, 556 U.S. at 678. The Complaint includes no facts from which the Court could draw an inference that Defendants Murrell, St. Blancard, and Taulbee "implicitly authorized, approved or knowingly acquiesced" to the actions by Officer Brooks. The allegation that these defendants were Officer Brooks' supervisors is not enough. *See Bellamy*, 729 F.2d at 421. Accordingly, the Court will dismiss the federal claims against Defendants Murrell, St. Blancard, and Taulbee.

Plaintiff's sole state law claim against Defendants Murrell, St. Blancard, and Taulbee asserts false imprisonment and alleges that she was "taken into custody

8

by Officer Brooks while under the supervision of the remaining Defendants [Murrell, St. Blancard, and Taulbee]" and that "Defendants, without probable cause, wrongfully and unlawfully detained and restrained the Plaintiff against her will through use of force." [DE 1 at ¶ 71, 74]. Whether Plaintiff intends to assert this claim against Defendants Murrell, St. Blancard, and Taulbee based on their direct involvement or supervisory role, Plaintiff has alleged no facts to show how they were involved, either directly or in a supervisory capacity. Thus, the Complaint does not contain sufficient facts to sustain a false imprisonment claim against them. *See Dunn v. Felty*, 226 S.W.3d 68, 71 (Ky. 2007) (explaining the elements of a false imprisonment claim). Accordingly, the state law individual capacity claim against Defendants Murrell, St. Blancard, and Taulbee will also be dismissed.

**D. Individual Capacity Claim Against Officer Brooks**

Finally, Defendants move to dismiss all individual capacity claims against Officer Brooks. Defendants suggest that such claims lie only when the action arises from a ministerial act. Referencing only Officer Brooks' actions when he allegedly entered Plaintiff's home and arrested her, Defendants assert that Officer Brooks' acts were

9

discretionary and, thus, all personal capacity claims against him should be dismissed.

Defendants' focus on the ministerial/discretionary distinction may be an attempt to claim qualified immunity, although Defendants never actually state as much. Similarly confusing, Defendants rely heavily upon *Gaither v. Justice & Pub. Safety Cabinet*, 447 S.W.3d 628 (Ky. 2014), which concerns suits brought under KRS 44.073 and the ministerial/discretionary distinction in the context of suit before the state's Board of Claims and has little relevance to the question at bar, not to mention the federal claims before this Court.

Plaintiff has responded, apparently assuming that Defendants are claiming qualified immunity with respect to the Fourth Amendment claim and have put forth an argument in opposition. Indeed, Defendants have at least asserted that the actions related to the § 1983 claim alleging a Fourth Amendment violation—Officer Brooks entering Plaintiff's home and arresting her—are discretionary acts, thus meeting their initial burden for a qualified immunity defense. *See Flint ex rel. Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 347 (6th Cir. 2001) (citing *Wegener v. Covington,* 933 F.2d 390, 392 (6th Cir. 1991)); *see also Yanero*, 65 S.W.3d at 523.

10

To the extent that Defendants attempt to claim qualified immunity on the remaining claims, the Court is unable to discern Defendants' argument as it relates to each of the state and federal claims against Officer Brooks from the broad assertions and limited use of facts in their analysis on this issue and will not construct an argument on their behalf. *See Lewless v. Sec'y of Health & Human Servs.*, 25 F.3d 1049 (6th Cir. 1994) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.")(citation omitted). Accordingly, the Court will construe Defendants' argument as a qualified immunity defense to Plaintiff's § 1983 claim alleging a Fourth Amendment violation only.

The defense of qualified immunity requires a two-tiered inquiry. "The first step is to determine whether the facts alleged make out a violation of a constitutional right....If the plaintiff has shown a violation of a constitutional right, then the second step is to ask if the right at issue was clearly established when the event occurred such that a reasonable officer would have known that his conduct violated it." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (internal quotation, indication of alteration, and citation omitted). Plaintiff claims that

there are two separate violations of her Fourth Amendment rights; warrantless entry of her home and arrest without probable cause.

### 1. Home Entry

A police officer's warrantless entry into a home is per se unreasonable under the Fourth Amendment, except in a few limited circumstances. *Katz v. United States,* 389 U.S. 347, 357 (1967); *see also Brigham City v. Stuart,* 547 U.S. 398, 403 (2006). Plaintiff's Complaint alleges that Officer Brooks entered her home without a warrant and without her consent. Accepting as true the facts alleged in the Complaint and viewing them in a light most favorable to the Plaintff, Officer Brooks had no reasonable basis for believing that an exception to the warrant requirement applied. Thus, Plaintiff has pled sufficient facts to establish a constitutional violation of the clearly established right of citizens to be free of warrantless entry into their homes. *See Keeton v. Metro. Gov't of Nashville & Davidson Cnty.,* 228 F. App'x 522, 525 (6th Cir. 2007) (affirming lower court's denial of qualified immunity on motion to dismiss where warrantless entry was a violation of clearly established right and there was no valid justification for entry); *see also Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 2005) (noting where

12

constitutional violation is sufficiently obvious, "plaintiff need not show a body of materially similar case law."). Accordingly, Defendants' motion to dismiss the individual capacity claim against Officer Brooks based on an alleged warrantless entry into Plaintiff's home must be denied.

### 2. Arrest

To survive a motion to dismiss a claim for wrongful arrest, Plaintiff must plausibly allege that her arrest for resisting arrest was unsupported by probable cause. *See Wesley,* 779 F.3d at 429. Probable cause exists when "the facts and circumstances within the officer's knowledge and of which [he] had reasonably trustworthy information are sufficient to warrant a prudent man in believing that the plaintiff had committed or was committing an offense." *Id*. (quoting *Beck v. State of Ohio,* 379 U.S. 89, 91 (1964)) (indication of alteration omitted).

The Court finds that Plaintiff has pled sufficient facts to show Officer Brooks did not have probable cause to believe Plaintiff was resisting arrest when she failed to answer the door in response to his knocking. *See* KRS 520.090(1) (requiring use or threats of physical force or violence or some other means to create a substantial risk of physical injury in order to intentionally prevent arrest

13

to be guilty of resisting arrest). It is clearly established that arrest without probable cause is a violation of the Fourth Amendment and on the facts alleged in the Complaint, taken as true, Officer Brooks did not have a reasonable basis to believe probable cause was present. *See Alman v. Reed*, 703 F.3d 887, 901 (6th Cir. 2013) (citing *Leonard v. Robinson,* 477 F.3d 347, 355 (6th Cir. 2007)). Accordingly, Defendants' motion to dismiss the individual capacity claim against Officer Brooks based on Plaintiff's arrest allegedly without probable cause must be denied.

**CONCLUSION**

For the reasons stated above, **IT IS ORDERED**:

1) that Defendants' Motion to Dismiss, [DE 12], is **GRANTED IN PART AND DENIED IN PART;**

2) that all claims against the Kentucky State Police are **DISMISSED**;

3) that all claims against Defendants Brooks, Murrell, St. Blancard, and Taulbee, in their official capacity, are **DISMISSED**;

4) that claims against Defendants Murrell, St. Blancard, and Taulbee, in their individual capacity are **DISMISSED;** and

14

5) that Plaintiff's Motion for Order Setting Matter for Oral Argument, [DE 14], is **DENIED**.

This, the 25th day of June, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge