```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON


CAITLIN BAUGHMAN,                  )
                                   )
     Plaintiff,                    )
                                   )          Civil Case No.
v.                                 )          5:15-cv-29-JMH
                                   )
TROY BROOKS,                       )              ORDER
                                   )
     Defendant.                    )
                                   )
```

                                  ***

   The Court has considered the parties' Joint Status Report [DE 20] and, being otherwise sufficiently advised, **IT IS ORDERED** as follows:

   1)   That all discovery disputes are hereby **REFERRED** to the magistrate judge assigned to this matter for appropriate resolution pursuant to 28 U.S.C. § 636(b)(1)(A).  No motions to compel, nor any other motions relating to a discovery dispute, shall be filed unless all counsel involved in such dispute have first conferred as directed by Fed. R. Civ. P. 37(a)(1), and said counsel have then conferred with the magistrate judge, by telephone conference call, and received his permission to file such motion, with such briefing thereupon as he shall direct by appropriate order.

2) The Court encourages early and economic case resolution including, where appropriate, by mediation. The parties **SHALL** immediately assess any potential for agreed resolution of the case and should continue to make that assessment as litigation continues. The parties may, at any time, mediate through a private mediator or may request a settlement conference with a magistrate judge. If the parties request a settlement conference, they shall file a joint motion seeking that relief and confirming that all parties desire a settlement conference instead of private mediation. This matter is referred to the assigned magistrate judge to conduct any such settlement conference, if warranted by the parties' motion, the economics and particulars of the case, and the likelihood of an efficient resolution.

3) That all motions to amend pleadings or join additional parties shall be filed by the plaintiff on or before **October 15, 2015**, and by the defendant on or before **October 31, 2015**.

4) That the parties shall complete all discovery by **January 31, 2016**,[1] which means that a party using a form of

---

[1] This date is earlier than that requested by the parties, who sought a period of discovery lasting more than a year (with discovery to complete by August 31, 2016). The Court has already noted its belief that three to five months for discovery is sufficient, [Court Order of July 6, 2015, DE 19 at ¶ 2(a)], and the parties have not given any

discovery that allows a response time under the rules shall calculate and account for appropriate response time, within the discovery deadline, in serving that method of discovery.

5) That reports from Plaintiff's expert witnesses pursuant to Rule 26(a)(2) shall be due by **November 15, 2015**. That reports from Defendant's expert witnesses pursuant to Rule 26(a)(2) shall be due by **November 30, 2015**. Supplementation of reports shall be made as required by Rule 26(e).

6) That all dispositive motions be filed on or before **March 1, 2016.**

7) That all motions in limine, including those made pursuant to *Daubert v. Merrell Dow Pharm, Inc*., 509 U.S. 579 (1993), be filed on or before **May 16, 2016**

8) Motion practice shall be governed by Local Rule 7.1 except as otherwise provided in this order;

> (a) Failure to respond to a motion shall be grounds for the Court to conclude that any arguments in opposition thereto have been waived. *See Humphrey v. U.S. Attorney Gen. Office*, No. 07-3740, 2008 WL 2080512 (6th Cir. May 15, 2008).

---

reason why this case warrants a significantly longer period. The parties should note that other dates are also earlier than they requested, due to an earlier discovery deadline.

3

(b) Concise Statement of Facts. In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Federal Rules of Civil Procedure shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

(c) Response to Statement of Facts. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. A response to a statement of fact may state that the material cited to support the fact is not admissible in evidence. These responses shall be set forth in numbered paragraphs corresponding to those in movant's statement of material facts. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition

4

to the motion for summary judgment. In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there either exists or does not exist a genuine issue to be tried. Each such fact shall be set forth in a separate numbered paragraph with specific citations to the record supporting the fact or the non-movant's contention that the fact is in dispute.

(d) Reply Statement. If the non-moving party has asserted additional facts, the moving party shall respond to these additional facts by filing a reply statement in the same manner and form as specified in sections (b) and (c) above. A reply may state that the material cited to support or dispute a fact is not admissible into evidence.

(e) Definition of Record. For the purposes of this order, the term "record" shall include deposition transcripts, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, answers to interrogatories, and other documents filed in support of or in opposition to the motion or documents otherwise in the Court

5

file.  An affidavit or declaration used to support a motion, response, or reply must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(f) Materials Not Cited.  The Court need consider only materials called to its attention, but it may consider other materials in the record to establish a genuine dispute of fact or to grant summary judgment if notice is given.

(g) Failure to Respond.  Failure to make a response in compliance with sections (c) and (d) above, within the time periods provided by the Local Rules for motion practice, shall indicate that the asserted facts are not disputed for the purposes of summary judgment.  The Court may then grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that the movant is entitled to relief.

9) That the above-styled cause be, and the same hereby is, **REFERRED** to the magistrate judge for a pretrial conference at a date, place and time to be determined by him, but not later than at least one week prior to **June 6, 2016.**

6

10) That at least one week before the magistrate judge's pretrial conference, counsel shall:

(a) file a list of exhibits intended to be used at trial;

(b) **premark** and display to opposing counsel all exhibits intended to be used at trial. All objections to the authenticity of the exhibits shall be waived unless raised at the conference;

(c) file a witness list with a brief summary of the expected testimony of each witness;

(d) file a pretrial memorandum brief containing a succinct statement of the facts of the case, the questions of fact and the questions of law;

(e) file agreed proposed jury instructions. If the parties cannot agree, they shall file their proposed instructions with supporting authorities. An electronic copy of all instructions shall be submitted directly to the undersigned's chambers, as an attachment to an email sent to jhoodmemos@kyed.uscourts.gov in a format compatible with Word or WordPerfect 11, if the same is available to counsel;

11) That the matter be, and the same hereby is, assigned for a final pretrial conference at the United

7

States Courthouse, **LEXINGTON, KENTUCKY**, on **Monday, June 6, 2016**, at **10:00 a.m.**, subject to intervening orders of Court. At said conference, the parties shall be prepared to discuss a settlement of the matter.

12) That the above-styled cause be, and the same hereby is, assigned for trial by jury at the United States Courthouse, **LEXINGTON, KENTUCKY**, on **Tuesday, June 28, 2016, **at **9:00 a.m.**, subject to intervening orders of Court. The parties have advised the Court that this trial shall take approximately **three (3) days**.

This the 13th day of July, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge